## ROBERT RENNIE and others

*v.*

## HENRY S. DESHON and others.

In order to secure the creditor of a corporation for moneys loaned and afterwards to be loaned, the owners thereof (the complainants) assigned to such creditor a controlling part of the stock, and one of them also assigned bonds owned by him individually, and the corporation gave a mortgage on its works. On a bill filed against such creditor, a bank that had discounted his notes for the benefit of the corporation and held some of his collaterals therefor, and the corporation, to redeem the stock and bonds, and for an account,—*Held*,

(1) That such bill was not multifarious.

(2) That there was no misjoinder of complainants, since all the collaterals were to secure the same liabilities, and,

(3) That a general offer to pay any amount found due, was sufficient to entitle complainants to an account.

---

Bill for relief.    On general demurrer by all the defendants.

*Mr. Oscar Keen,* for demurrants.

*Mr. W. M. Johnson* and *Mr. J. Wilson,* for complainants.

THE CHANCELLOR.

The bill is filed by Robert Rennie and William Rennie, against Henry S. Deshon, The Mechanics National Bank of the City of New York, and the Lodi Chemical Works, for an account and other relief in connection therewith. It states that Deshon was the creditor of the Lodi Chemical Works, a corporation of this state, and, in view of the indebtedness, and in contemplation of an increase thereof, an arrangement was made between him and the complainants, by which, at once to secure him therefor and provide the means of payment thereof, the control of the corporation and its affairs was placed in his hands, through the transfer ·by the complainants, to him, of large amounts of its capital stock, belonging to them severally; and as security to him, and, at the same time, to provide him with means of borrowing money to lend to the corporation, Robert Rennie assigned to him certain railroad bonds belonging to· him, for some of which.the corporation substituted its mortgage of its property to secure the payment of $50,000. The bill further states that the Mechanics Bank of the City of New York is the holder, by assignment, of the remaining railroad bonds and the mortgage and stock, as security for advances to, or discounts for, Deshon; and alleges that the bank had, when it took those securities, full notice that Deshon's title thereto was defeasible, and that he held them

merely as such security, as before mentioned. It seeks to redeem the stock and bonds, and, to that end, prays an account from Deshon and the bank, and offers to pay whatever may appear to be due to the former, and prays subrogation to the rights of Deshon and the bank, under the mortgage, as against the Lodi Chemical Works, as security for any amount which they may be compelled to pay for that corporation in effecting the redemption.

The defendants insist that the bill is multifarious, or that there is a misjoinder of complainants. But the stock of each of the complainants and the bonds of Robert Rennie are, together, held as security for the same liabilities. Neither could compel a transfer of his property on payment of part only of the debt. They, therefore, necessarily seek an account together, and, under the circumstances stated in the bill, they are entitled to it.

It is also objected, on behalf of the demurrants, that the complainants make only a general offer to pay any amount which, on the account, may appear to be due to Deshon, and that they ought to have specified the amount which they were willing to pay. It is enough to say that they pray a discovery, because they are ignorant of the condition of the accounts, and in order to ascertain how the accounts stand. To require them, under such circumstances, to specify the balance, would be to require an impossibility. But, further, under the circumstances they are entitled to an account, without an offer to pay any balance which may appear to be due to Deshon. *Colombian Government* v. *Rothschild, 1 Sim. 94; Clark* v. *Tipping, 4 Beav. 588.*

The demurrer will be overruled.